UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-P168-R

**BENNIE L. GAMBLE, JR.**                                                                                    **PETITIONER**

v.

**WARDEN GRADY PERRY**                                                                   **RESPONDENT**

## MEMORANDUM AND ORDER

The petitioner, Bennie L. Gamble, Jr., filed the instant petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his conviction for capital murder and first-degree robbery in McCracken Circuit Court on October 29, 2002.

Gamble originally filed a § 2254 petition in the Eastern District of Kentucky on September 13, 2011.[1]  That petition was transferred to this Court pursuant to Rule 3.2(b) of the Joint Local Civil Rules for the United States District Courts for the Eastern and Western Districts of Kentucky ("A . . . state habeas corpus petition shall be assigned to the jury division that includes the court . . . in which the challenged judgment, conviction or order was rendered.") (DN 3).  The action was assigned Civil Action No. 5:11CV-159-R.  This Court then issued an order directing Gamble to either pay the $5.00 filing fee or file an application to proceed without the prepayment of fees.  Gamble complied with that order by filing an application to proceed without the prepayment of fees dated October 3, 2011.

On the same date, Gamble filed a second § 2254 petition for writ of habeas corpus, which was given the instant civil action number.  The instant petition also challenges Gamble's

---

[1]Under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing.  *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

conviction for murder and first-degree robbery on October 28, 2002.[2]  The instant petition essentially mirrors Gamble's September 13, 2011, petition.  Thus, since the instant petition challenges the same conviction as the September 13, 2011 petition, it appears that this is a duplicate petition and not intended to assert a separate habeas corpus action.  Accordingly,

   The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** the instant civil action.

Date:

cc:   Petitioner, *pro se*
4413.010

---

[2]The Court recognizes that there is a one-day discrepancy in the date of conviction but believes this was a typographical error by Plaintiff since the substance of the two petitions is the same.